## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Spotsylvania County School Board

     v.

R. E. Lee & Son, Inc.

April 8, 1982

By JUDGE JOHN A. JAMISON

I have before me a decision with respect to the above-styled Motion for Declaratory Judgment and Injunctive Relief.

Upon careful consideration of your very helpful briefs and your arguments, I have concluded that the arbitration provision of the contract between the Plaintiff and the Defendant is a valid one and not an *ultra vires* act on the part of the School Board.

In view of the need for early action, my basic reasoning, which time will not now permit me to elaborate upon unless I later consider a more lengthy opinion necessary, is that agreeing to be bound by arbitration is a necessary incident to the power the School Board clearly possesses to contract and to sue and be sued. There is no question in my mind that the Board has the inherent power to settle and adjust disputed claims, and must frequently do so during the course of construction contracts of this sort.

While there are statutory requirements, as pointed out by Mr. Roberts, for prosecuting claims against counties, municipalities and the Commonwealth itself, there is no separate prescribed procedure for plaintiffs to collect disputed claims from school boards. Such Boards are separate corporate entities. I feel that for several of the reasons discussed at length in the briefs of the Defendant that the arbitration provision of the contract is valid.

Careful consideration has been given to the holdings of the other Circuit Courts and to the "Dillon Rule" as advanced by the Petitioner but I am of the opinion

that they do not apply here. Citation to authorities and reference to additional points of law raised by way of defense which do have a bearing on this decision, will be made by the Court in the future, if necessary.

Accordingly, the Motion for entry of a Declaratory Judgment Order holding that the arbitration provision of the contract is. void, is denied. Also denied is the Petition for Injunctive Relief against the convening of the arbitration panel, which will be permitted to proceed as scheduled.